UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A.# 05-10676-JLT

| | |
|---|---|
| **PATRICIA GRAEBEN**<br>Plaintiff<br><br>v.<br><br>**COMMONWEALTH OF MASSACHUSETTS<br>DEPARTMENT OF CORRECTION**<br>Defendant | RECEIPT #_____<br>AMOUNT $ 250.__<br>SUMMONS ISSUED 3<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED ✓<br>BY DPTY. CLK. ___<br>DATE 4/6/05 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

MAGISTRATE JUDGE JLA

1.  This is an action under 42 U.S.C. §2000e, for unlawful discrimination based upon age, gender and unlawful retaliation in violation of 42 U.S.C. §2000e. The action is brought by Plaintiff Patricia Graeben, a female born on May 12, 1951 who works for the Commonwealth of Massachusetts Department of Correction ("DOC") as a Correction Officer.

**JURISDICTION AND VENUE**

2.  Jurisdiction over this matter lies in this Court pursuant to 42 U.S.C. §2000e-5, and 28 U.S.C. §1343.

1

3. The venue in this District Court is proper because the illegal employment practices complained of herein occurred in Framingham, Middlesex County, Massachusetts. Upon information and belief, the employment records related to Plaintiff's employment with Defendant DOC are located within Norfolk, Norfolk County, Massachusetts.

4. On or about December 29, 2000, Ms. Graeben filed a timely Charge of retaliation and discrimination on the basis of gender and age with the U.S. Equal Employment Opportunity Commission.

5. On January 7, 2005, a Right to Sue Letter was issued by the U.S. Equal Employment Opportunity Commission in this matter. The Right to Sue Letter was received by Plaintiff on or after January 8, 2005. Plaintiff has exhausted her administrative remedies and timely invoked the jurisdiction of this Court.

**THE PARTIES**

6. Patricia Graeben is a resident of Norfolk, Norfolk County, Massachusetts. She is a citizen of the United States. She is a female. Her date of birth is May 12, 1951.

7. Defendant Commonwealth of Massachusetts Department of Correction is an agency of the government of the Commonwealth of Massachusetts, with a principal place of business in Norfolk, Norfolk County, Massachusetts. At all times relevant to this Complaint, it was Plaintiff's employer within the meaning of 42 U.S.C. §2000e, was engaged in an industry effecting Commerce within the meaning of 42 U.S.C.

§2000e, and in all other respects met all of the requirements for coverage under 42 U.S.C. §2000(e).

8. At all times relevant to this Complaint, Plaintiff performed her job in a satisfactory manner.

**FACTUAL BACKGROUND**

9. Ms. Graeben has worked for the Department of Correction for an excess of twenty (20) years. In 2000, Ms. Graeben was working for the Department of Correction as a Correction Officer at MCI-Framingham in Framingham, Massachusetts. MCI-Framingham was and is a prison operated by the Department of Correction.

10. On or about March 30, 2000, Ms. Graeben sustained a non-work related injury, a fracture to her left humerus, and as a result was absent from work on medical leave.

11. On or about June 9, 2000, Plaintiff's condition had improved and she was able to return to light duty work. Accordingly, in early June, 2000, Plaintiff requested that she be allowed three (3) months of light duty work.

12. At the time that Ms. Graeben had requested the light duty work, she was the Complainant in a Charge of Discrimination pending at the Massachusetts Commission Against Discrimination against the DOC.

13. Plaintiff's request for light duty work was not approved. As a result, from June, 2000 until August, 2000, Plaintiff was forced to use her accumulated vacation time and other benefits in order to receive compensation for some of the approximately three months of time during which she was not able to work in her usual capacity. Plaintiff was forced to use her accumulated sick time, vacation time, personal time and compensatory time in order to receive some compensation for the period during which she could not perform her regular job duties. By the time she was able to return to work doing full duty work, Plaintiff had been forced to use up approximately 6 weeks worth of benefits, and for approximately another six weeks she received no pay at all.

14. There is no legitimate, non-discriminatory business reason that the DOC could not have allowed Plaintiff to perform light duty work during the three months of time that she could not perform her full duties.

15. Employees other than Plaintiff were allowed to engage in light duty work when they had non-work related injuries. These employees who were allowed to perform light duty work when they were unable to perform their full duties due to non-work related injuries, were either male employees, or were employees who were younger than Plaintiff. Additionally, the employees who were allowed to perform light duty work when they could not perform their full duties due to non-work related injuries had not filed Charges of Discrimination against the DOC and did not have Charges of Discrimination pending against the DOC at the time their request for light duty work were made.

16. Plaintiff's request to perform light duty work over the three-month period in 2000 was a request for a reasonable accommodation. The request to perform light duty work over that three-month period would not have been an undue burden for the DOC.

17. At the time that Plaintiff filed her Charge of Discrimination against the DOC for refusing to allow her to perform light duty work during the summer of 2000, the Massachusetts Commission Against Discrimination maintained a six (6) month statute of limitations during which Charges of Discrimination had to be filed. At that time, there was a 300-day statute of limitation for the filing of Charges of Discrimination with the U.S. Equal Employment Opportunity Commission. Plaintiff's Complaint with the Massachusetts Commission Against Discrimination was dismissed for having been filed in an untimely manner, as the Charge of Discrimination was filed shortly after the 6-month limitation period had expired. However, the Charge of Discrimination was filed well within the 300-day filing period for the filing of Charges of Discrimination with the U.S. Equal Employment Opportunity Commission.

18. Plaintiff was denied light duty work as is set forth above due to her age.

19. Plaintiff was denied light duty work as is set forth above due to her gender.

20. Plaintiff was denied light duty work as is set forth above as retaliation against her for having filed a prior Charge of Discrimination with the Massachusetts

Commission Against Discrimination and U.S. Equal Employment Opportunity Commission.

21.  By the actions set forth above, the DOC has engaged in discrimination and retaliation against Ms. Graeben, in denial of her civil rights.

22.  The actions of the DOC set forth in this Complaint has caused Ms. Graeben severe emotional pain and suffering as well as financial harm. The DOC is fully responsible for all of the illegal actions taken against Ms. Graeben by her supervisors.

23.  The actions of the DOC towards Ms. Graeben as set forth in this Complaint were intentional, knowing and willful. These actions constitute discrimination on the basis of gender, discrimination on the basis of age, and illegal retaliation, all in violation of 42 U.S.C. §2000e and 29 U.S.C. §621 et seq.

## COUNT I

### AGAINST COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION FOR DISCRIMINATION ON THE BASIS OF SEX/GENDER IN VIOLATION OF 42 U.S.C. §2000e

24.  Plaintiff restates and incorporates by reference as if fully stated herein ¶¶1-23 above.

25.  By its actions set forth above, Defendant DOC has engaged in discrimination against Patricia Graeben on the basis of sex/gender, in violation of 42 U.S.C. §2000e.

**WHEREFORE,** the Plaintiff demands that this Court enter Judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees and such other and further relief that this Court finds to be just and proper.

## COUNT II

### AGAINST COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION FOR DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF 42 U.S.C. §2000e

26.  Plaintiff restates and incorporates by reference as if fully stated herein ¶¶1-25 above.

27.  By its actions set forth above, Defendant DOC has engaged in discrimination against Patricia Graeben on the basis of age, in violation of 42 U.S.C. 2000e.

**WHEREFORE,** the Plaintiff demands that this Court enter Judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, liquidated damages, interest, costs, attorney's fees and such other and further relief that this Court finds to be just and proper.

## COUNT III

### AGAINST COMMONWEALTH OF MASSACHUSETTS DEPARTMENT OF CORRECTION FOR RETALIATION IN VIOLATION OF 42 U.S.C. §2000e

28. Plaintiff restates and incorporates by reference as if fully stated herein ¶¶1-27 above.

30. On October 4, 1999, Ms. Graeben filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment opportunity Commission against Defendant DOC alleging that she had been discriminated against by DOC on the basis of her age and/or her gender when she was denied a promotion to a Correction Officer II (Sergeant) position, in violation of M.G.L. c.151B and 42 U.S.C.§2000e. The case was Patricia Graeben v. MCI Framingham (Department of Correction). By filing the Charge of Discrimination in 1999, Plaintiff was engaging in protected activity pursuant to 42 U.S.C. §2000e as she believed in good faith that the DOC had engaged in wrongful discrimination against her and she had filed a Charge of Discrimination in order to engage in that protected activity.

31. In taking the action referred to above, Patricia Graeben engaged in protected activity pursuant to 42 U.S.C. §2000e. As a result of engaging in protected activity she suffered an adverse action (the denial of her request to work on a light duty assignment with the result that she was forced to expend vacation and other benefits and went without any compensation for a period of time) which was causally related to her having engaged in protected activity.

32. Through its actions set forth above, Defendant DOC has coerced, intimidated, threatened and interfered with Patricia Graeben in relation to her exercise and enjoyment of her rights granted pursuant to 42 U.S.C. §2000e.

33. The actions taken by Defendant DOC of which Patricia Graeben complains, were taken against her due to her having engaged in protected activities pursuant to 42 U.S.C. §2000e.

34. By its actions set forth above, Defendant DOC has engaged in unlawful retaliation against Patricia Graeben and has interfered with Patricia Graeben's exercise of her protected rights, in violation of 42 U.S.C. §2000e.

**WHEREFORE,** the Plaintiff demands that this Court enter Judgment in her favor and against Defendant DOC, in an amount to be determined by this Court, including monies to compensate her for lost pay, lost benefits, punitive damages, emotional pain and suffering, interest, costs, attorney's fees and such other and further relief that this Court finds to be just and proper.

## JURY TRIAL DEMAND

**Plaintiff demands a trial by jury of all issues and Counts so triable.**

Respectfully submitted,

PATRICIA GRAEBEN
By her attorney,

_____  4/6/05
Mitchell J. Notis, BBO/# 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA  02445
Tel.: 617-566-2700

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Patricia Graeber_
   vs _Commonwealth of Mass, Department of Correction_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   _None_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                            YES       (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                            YES       (NO)
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                            YES        NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                            YES       (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                           (YES)       NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)        CENTRAL DIVISION           WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION          CENTRAL DIVISION           WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Mitchell Notis_
ADDRESS _Law Office of Mitchell Notis, 370 Washington St Brookline, MA 02445_
TELEPHONE NO. _617 566-2700_

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Patricia Graeben

**DEFENDANTS**
Commonwealth of Massachusetts Department of Correction

(b) County of Residence of First Listed Plaintiff: Norfolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-10676-JLT

(c) Attorney's (Firm Name, Address, and Telephone Number)
617-566-2700
Mitchell Notis
Law Office of Mitchell Notis, 370 Washington St, Brookline, MA 02445

Attorneys (If Known): N/K

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC Section 2000e

Brief description of cause:
Age and sex discrimination and illegal retaliation in employment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None
JUDGE
DOCKET NUMBER

DATE: 4-6-05
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____